FT. SMITH SPELTER COMPANY v. CLEAR CREEK OIL & GAS COMPANY.

Opinion delivered April 10, 1922.

1.  APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—Where the Supreme Court, on remanding a cause, directed the trial court to make a finding as to the reasonableness of a rate fixed by the Corporation Commission, and the trial court refused to make such finding, and found of record that it was bound by directions of the Supreme Court to conform to the rates fixed by the Corporation Commission, the error appears on the face of the record, and need not be brought up by bill of exceptions.

2.  APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.—Where, in a proceeding to fix gas rates, the trial court's judgment recites an erroneous finding that it was bound to conform the rates to those fixed by the Corporation Commission, the Su-

preme Court was not required to affirm the judgment for want of a motion for new trial, since, there having been no trial, no motion for new trial was necessary.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Daily & Woods* and *Mehaffy, Donham & Mehaffy,* for appellant.

Appellants were entitled to a finding by the circuit court on the reasonableness of the rates fixed by the Corporation Commission, on the evidence adduced before that commission. This court so declared on former appeal, and that is the law of the case. 148 Ark. 260. This court did not on that appeal fix the rates, neither had it authority so to do, as its jurisdiction is appellate only. Const., art. 7, § 4; 39 Ark. 82; 94 *Id.* 119; C. & M. Dig., § 2129.

*Hill & Fitzhugh,* for appellee.

1. The declaration of law objected to was not brought into the record by bill of exceptions, and there is, therefore, nothing to review. 36 Ark. 491; 59 *Id.* 178; 60 *Id.* 260.

The procedure prescribed by § 28, act 571 Acts 1919, p. 433, relates only to the judicial review of the record made before the Corporation Commission. Questions of practice arising, not out of the record made before that body, but occurring in the circuit court, must conform to the methods prescribed by law for the review of such questions. A motion for new trial was therefore necessary. 148 Ark. 156; Crawford's (Ark.) Digest, Appeals and Error, 179, § 116 (D), *Id.* 181, § 181. See also, 107 Ark. 462, 468; 96 *Id.* 434.

2. The court said on former appeal, 148 Ark. 260, 268, that "the testimony adduced by appellant tends to establish the facts that the rate specified in these contracts with the parties mentioned is not remunerative, and the evidence is sufficient to support the finding of the commission fixing the rate at approximately nine cents per thousand cubic feet for use by the manufacturing plants." That decision is conclusive and was binding on the trial

court.  137 Ark. 341; 131 *Id.* 509; 129 *Id.* 43; 129 *Id.* 116; 132 *Id.* 617; 134 *Id.* 605; 138 *Id.* 267; 131 *Id.* 509; 136 *Id.* 156; 122 *Id.* 491.

Humphreys, J.  This case is before us a second time.  On the first appeal the judgment of the trial court, dismissing the petition of the Clear Creek Oil & Gas Company, was reversed and remanded with directions to try the case upon the evidence adduced before the Arkansas Corporation Commission, and to determine therefrom whether the rates fixed by said Commission for the sale of natural gas were reasonable.  In remanding the cause this court used the following language, pertaining to the directions given to the trial court, to-wit:  "The parties are entitled to a finding by the trial court on the issue as to the reasonableness of the rates fixed by the Commission, that is to say, a finding based on the evidence adduced before the Commission.  The judgment is therefore reversed, and the cause remanded for further proceedings."  The case on former appeal is reported in 148 Ark. at page 260, under the style of *Clear Creek Oil & Gas Co.* v. *Ft. Smith Spelter Co.,* and reference is made to the reported case for a full statement of the facts and issues involved therein.

Upon the remand of the cause the trial court was requested by appellants herein to ascertain whether the rates for the sale of gas fixed by the Corporation Commission were reasonable under the evidence presented to the Commission.  The trial court refused the request. The request and refusal were in the form of declarations of law.  Appellant's requested declaration of law, which was refused by the court, was as follows:

"That, under the opinion of the Supreme Court on a former appeal, which was rendered April 18, 1921, and rehearing denied May 30, 1921, that this court has the right to make a finding and fix a rate at what this court thinks the evidence before the Corporation Commission justifies, and that this court is not required by the former decision of the Supreme Court in this case to find the rate as fixed by the Corporation Commission."

The court declared as a matter of law that he was bound to find the rates fixed by the Corporation Commission from the following statement appearing in the opinion of the court: "The evidence is sufficient to support the finding of the Commission fixing the rate at approximately 9 cents per thousand cubic feet for use by the manufacturing plants." The court thereupon approved and confirmed the rates fixed by the Corporation Commission, as follows: 15 cents per M cubic feet for the first 300,000 cubic feet; 13 cents per M cubic feet for the next 300,000 cubic feet; 10 cents per M cubic feet for the next 2,400,000 cubic feet; and 9 cents per M cubic feet for all gas used over 3,000,000 cubic feet, to be computed monthly. From the judgment thus approving and confirming the rates of the Corporation Commission an appeal has been duly prosecuted to this court.

Appellants insist upon a reversal of the judgment because it was rendered without a trial upon the record presented to the Corporation Commission. Appellee's insistence is that the appellants cannot be heard to complain because the declaration of law requested by appellants and refused by the court, as well as the declaration of law given by the court, were not brought into the record by a bill of exceptions. Also because a motion for new trial was not filed. A number of cases are cited by learned counsel for appellee holding that facts proved or admitted on the trial and declarations of law made by the court upon them must be brought into the record by a bill of exceptions. *Hall* v. *Bonville,* 36 Ark. 491; *Bradley* v. *Harkey,* 59 Ark. 178; *Dunnington* v. *Frick Company,* 60 Ark. 250. These cases have application where there has been a trial, but none where a trial had been refused or denied, as in the instant case. Declarations of law erroneously refused and given in the absence of a trial are necessarily in the same category as demurrers erroneously sustained or overruled by the court. Such errors appear on the face of the record, and consequently do not have to be brought into the record by a bill of exceptions. Following the same line of rea-

soning, a motion for new trial was unnecessary, as the court refused to try the case in accordance with the mandate. Until there had been a trial, a motion for a new trial could have no place. As it was unnecessary to file a motion for a new trial or to bring the declarations of law refused and given by the court into the record by a bill of exceptions in the instant case, in order to prose-cute an appeal to this court, no useful purpose would be served by construing section 28 of act 571 of the Acts of the General Assembly of 1919, providing a remedy by appeal to the Supreme Court of Arkansas from the judgment of the circuit court.

The error of the trial court in denying appellants a trial upon the merits grew out of a misinterpretation of the following language used by the court in the opinion handed down on the former appeal of the case, to-wit: "The testimony adduced by appellant tends to establish the fact that the rates specified in these contracts with the parties mentioned is not remunerative, and the evidence is sufficient to support the finding of the Commission fixing the rate at approximately nine cents per thousand cubic feet for use by the manufacturing plants." In using the language quoted the court had reference to the legal sufficiency of the evidence to support the finding of the Commission, and had no reference whatever to the weight of the evidence. The cause was remanded for the court to determine the reasonableness of the rates fixed by the Commission upon the weight of the evidence. The law of the case, as declared by this court on the former appeal, is that both parties, appellants and appellee, are entitled to a trial by the circuit court on the issue as to the reasonableness of the rates fixed by the Commission upon the evidence presented to the Commission. This can only be done by hearing the evidence and determining from the weight thereof whether the rates fixed by the Commission are reasonable. In other words, this court ruled on the former appeal that the rates fixed by the Commission did not bind the circuit court.

For the error indicated, the judgment is reversed and the cause remanded, with directions to the circuit court to determine from the weight of the evidence presented to the Corporation Commission whether the rates fixed by the Commission are reasonable.