CLEAR CREEK OIL & GAS COMPANY *v.* FORT SMITH
SPELTER COMPANY.

Opinion delivered November 5, 1923.

1.  CONSTITUTIONAL LAW—REASONABLENESS OF PIPE-LINE CHARGES—DUE
    PROCESS.—An order of a public service commission, fixing the
    maximum rates to be charged by a pipe-line company for trans-
    porting gas, is not in violation of the due process clause of
    the Constitution of the United States where the statute provides
    for submitting the reasonableness of such rates to a judicial
    tribunal for determination upon its own independent judgment
    as to both the law and the facts.

2.  PUBLIC SERVICE COMMISSION—PRESUMPTION AS TO RATES FIXED.—
    On a question of the reasonableness of rates fixed by the
    Corporation Commission for the transportation of gas by a pipe-
    line company, there is a *prima facie* presumption in favor of
    such rates.

3.  PUBLIC SERVICE COMMISSION—ORDER FIXING RATES—APPEAL.—On
    appeal from an order of the Corporation Commission fixing rates
    to be charged by a pipe-line company for transportating gas,
    it is not the duty of the circuit court to establish rates, but
    to determine whether the rates so established, when considered
    in the light of the evidence, are reasonable.

4.  PUBLIC SERVICE COMMISSION—ORDER FIXING RATES—REVIEW.—On
    appeal from judgment of the circuit court upon the reasonableness
    of rates fixed by the Corporation Commission, the Supreme
    Court is called upon to inquire into the weight of the evidence
    for the purpose of determining whether such judgment is against
    the preponderance of the evidence when tested by the presump-
    tion in favor of the findings of the Corporation Commission.

5.  GAS AND OIL—REASONABLENESS OF PIPE-LINE CHARGES.—As a
    general rule, a natural gas pipe-line company is entitled to ask a
    fair return upon the value of the property employed for the
    public convenience, taking into consideration the nature of the
    business devoted to the public service and all the surrounding
    circumstances, while the public is entitled to demand that no
    more be extracted from it than the services given by such
    company are reasonably worth.

6.  GAS AND OIL—PIPE-LINE CHARGES—REVIEW.—On appeal from a
    judgment of the circuit court setting aside rates for pipe-line
    charges fixed by the Corporation Commission, evidence *held* too
    general and indefinite to overcome the presumption in favor of
    the commission's finding.

7.  PUBLIC SERVICE COMMISSION—FIXING OF CHARGES—REHEARING.—
    The power of the Railroad Commission to establish or change

rates for pipe-line charges is continuous, and an application by either party showing a material change in conditions from those existing at the time the rates were established by the Corporation Commission will be ground for a rehearing as to the reasonableness of such rates.

Appeal from Pulaski Circuit Court, Second Division; *R. M. Mann,* Judge; reversed.

*Hill & Fitzhugh,* for appellant.

There is no particular rate of compensation which must, in all cases and all parts of the country, be regarded as sufficient for capital invested in business enterprises. Such compensation depends upon circumstances, i. e., the locality, the amount of risk in the business, and the rate expected. 212 U. S. 19. Rate cases must be tried as of the date of the filing of the petition. *Southwestern Bell Tel. Co.* v. *Public Service Corporation Commission of Mo.,* 262 U. S. 276.

*Mehaffy, Donham & Mehaffy* and *Daily & Woods,* for appellee.

Where a company fails to perform its plain duty and to exact sufficient returns to keep its investment unimpaired, the fault is its own. 53 Law. ed. 371. Past losses are not to be capitalized as property on which the fair return is based. 212 U. S. 114, 53 Law. ed. 371; 258 U. S. 388, 66 Law. ed. 678. The action of the Corporation Commission in fixing the rate for gas other than the contract price impaired the obligation of the contract entered into between the gas company and the spelter company, and was violative of § 10, art. 1, of the Constitution.

HART, J. This is the third appeal in this case. The opinions on the former appeals dealt with questions of law and of practice, and reference is made to the opinions for the particular questions decided. *Clear Creek Oil & Gas Co.* v. *Fort Smith Spelter Co.,* 148 Ark. 260, and *Fort Smith Spelter Co.* v. *Clear Creek Oil & Gas Co.,* 153 Ark. 170.

The present appeal is prosecuted to reverse a judgment of the circuit court overruling the rate established

by the tribunal or commission which was vested with the power to establish rates.

The Legislature of 1921 abolished the Arkansas Corporation Commission, which had the power to regulate public service corporations and to establish rates therefor, and created the Arkansas Railroad Commission. General Acts of 1921, p. 177.

The rates involved in this appeal were established by the Arkansas Corporation Commission, which had jurisdiction to establish rates for pipe line companies for the transportation of oil, gas, or water. In the former appeal it was held that the Clear Creek Oil & Gas Company was a public service corporation engaged in the transportation and sale of natural gas. It was also held that the Corporation Commission in establishing the rates at which the gas should be transported and sold to customers acted in a *quasi*-judicial capacity and that its orders establishing rates were subject to review by the court in the manner prescribed by statute. *Clear Creek Oil & Gas Co.* v. *Fort Smith Spelter Co.*, 148 Ark. 260.

When the rates established by the Commission came on for hearing in the circuit court, the Arkansas Corporation Commission had been abolished and the present Railroad Commission created. The new act gave the Railroad Commission authority to establish rates for common carriers, including pipe line companies for the transportation of oil, gas, or water. The act also provides for an appeal from the Railroad Commission to the Pulaski Circuit Court from any order made by the Railroad Commission.

Section 20 of the act provides that, when the appeal is taken, the secretary of the Commission shall at once make a full and complete transcript of all proceedings had before such Commission in such matter, and of all the evidence before it, including all files therein, and deposit the same forthwith in the office of the clerk of the circuit court. Continuing, the section provides as follows:

"The said circuit court shall thereupon review said order upon the record presented as aforesaid in the case and enter its finding and order thereon and cause to be certified forthwith to such Commission the said order, therein directing that action be taken by said Commission in conformity therewith, unless an appeal from said order to the Supreme Court of this State shall be taken within the time hereinafter specified, and, in case of such appeal, to await further orders of said circuit court." General Acts of 1921, p. 177.

Thus it will be seen that the statute provides a fair opportunity for submitting the reasonableness of the rates established by the Commission to a judicial tribunal for determination upon its own independent judgment as to both the law and the facts, and it cannot be said that the order in establishing the rates was void because it is in conflict with the 'due process' clause of the Constitution of the United States. *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287.

This brings us to a discussion of what consideration the circuit court should have given to the finding of fact by the Commission. It will be noted that the statute does not fix any rule of evidence to govern the court in the premises.

In *Louisville & N. Railroad Co.* v. *Behlmer,* 175 U. S. 648, Chief Justice WHITE, speaking for the court in a discussion of the weight to be given to the finding of the Interstate Commerce Commission, said:

"But the law attributes *prima facie* effect to the findings of fact made by the Commission, and that body, from the nature of its organization and the duties imposed upon it by the statute, is peculiarly competent to pass upon questions of fact of the character here arising."

Again, in *Illinois Central Railroad Company* v. *Inter. Com. Com.,* 206 U. S. 441, it was said that the findings of the Commission are made by law *prima facie* true, and that the Supreme Court of the United States ascribed

to them the strength due to the judgments of a tribunal appointed by law and informed by experience. In *Darnell v. Edwards,* 244 U. S. 564, it was said that it is well established that, in a question of rate-making, there is a strong presumption in favor of the conclusion reached by an experienced administrative body after a full hearing.

In *Railway Co.* v. *Smith,* 60 Ark. 221, it was held that the courts can inquire into the reasonableness of passenger rates, and that, in such cases, the presumption is that they are reasonable, and that the burden is on those contesting them to affirmatively show that, as to them, they are not.

Therefore the presumption is that the rates fixed by the Commission are reasonable, and the burden of proof is upon the company contesting the rates to show to the contrary. Our statute contemplates a judicial review by the circuit court of the law and the facts as presented to the Commission, and it is the duty of the circuit court to try the questions of law and fact upon the same record as the Commission, bearing in mind that the Commission is a rate-making body created by the Legislature, and its orders are *prima facie* correct, and that this presumption in their favor will yield only to the probative force of the evidence in the record. It is not the duty of the court to establish the rates, but to determine whether the rates as established by the Commission, when considered in the light of the evidence, are reasonable.

Upon appeal to this court we are called upon to inquire into the weight of the evidence for the purpose of determining whether or not the judgment of the circuit court is against the preponderance of the evidence. In other words, on appeal the findings of fact by the circuit court are allowed to stand unless they are against the preponderance of the evidence when tested by the presumption in favor of the findings of the Commission, as outlined above. *Fort Smith Light & Traction Co.* v. *Bourland,* 160 Ark. 1.

In this connection it may be stated that neither the circuit court nor this court sits as a board of revision to substitute our judgment for that of the Commission. *Minnesota Rate Cases,* 230 U. S. 352; 48 L. R. A. (N. S.) 1151.

This brings us directly to a consideration of whether the judgment of the circuit court overruling the finding of the Commission and establishing a new rate should be allowed to stand. No special finding of fact was made either by the Commission or by the circuit court. The testimony introduced by appellant was directed to showing what rates yielded a proper return upon the fair value of the property which was used in the service of the public in this case at the time it was so used. The accountants, in making up their statements as to the fair value of the property, took into consideration the testimony of experts as to the deterioration from year to year of the gas fields and the hazardous character of the business. No hard and fast rule in determining the value of the property can be laid down, and each case must be determined, to some extent, by its own peculiar facts, taking into consideration the nature of the business devoted to the service of the public and all the surrounding circumstances.

As a general rule the company is entitled to ask a fair return upon the value of the property which it employs for the public convenience. On the other hand, the public is entitled to demand that no more be exacted from it than the services given by the public corporation are reasonably worth. *Wilcox* v. *Consolidated Gas Co.,* 212 U. S. 19, and *Darnell* v. *Edwards,* 244 U. S. 564.

The Commission made a sliding scale of rates, the higher rates being made for small consumers and the lower ones for factories and other large consumers, like the Fort Smith Spelter Company.

No useful purpose could be served by making a detailed statement of the evidence in the case. The life and extent of gas fields are very uncertain. What prom-

.ises a fine field one year may fail the next. New fields may be discovered from time to time in the same locality. This element of uncertainty would make it unprofitable for us to set out a statement of facts so that it might be used as a precedent in another case. If the Commission or the circuit court had made a finding of facts upon which their respective conclusions were reached, this would have been of great advantage to us in testing the correctness thereof.

In the absence of a special finding on the part of the Commission or of the circuit court, we will presume that each acted within its appropriate sphere as outlined above, or, at least, we have considered the matter from that viewpoint in weighing the evidence and reaching our conclusion in the matter.

As above stated, the Clear Creek Oil & Gas Company introduced evidence before the Commission tending to show the fair value of its property, the probable length of time its fields could be profitably worked, and all the surrounding circumstances which could be considered in estimating the fair value of its property and the reasonable value of its service. An attack was made on its testimony by the Fort Smith Spelter Company and evidence was introduced by it before the Commission tending to show that the evidence of appellant did not correctly establish the value of the property of the public utility in question.

When we have considered all the evidence in the record, bearing in mind the deference, as indicated above, which should be given to the decision of the Commission, we are of the opinion that the circuit court erred in finding that the rates established by the Commission were unreasonable and in establishing a lower rate.

The evidence for appellee was too general and not sufficiently definite and certain to overcome the presumption in favor of the finding of the Commission and to show that the rates established by it were unreasonable.

The finding of the circuit court in this regard is not supported by the preponderance of the evidence, and its

judgment, based upon such finding, must therefore be reversed. In this connection it may be stated that the establishment of rates is the making of a rule for the future, and is therefore an act legislative in character, whether exercised by the Legislature itself or by some subordinate body created for that purpose by it.

Therefore the power of the Commission to establish or change rates is continuous, and, upon application of either party, showing a material change in the conditions from those existing at the time the rates were established, there will be ground for new action in the premises by the Commission. The result of our views is that the judgment of the circuit court will be reversed, and the cause remanded, with directions to it to certify forthwith to the Arkansas Railroad Commission an order directing that it put into effect the rates established in this case by the Arkansas Corporation Commission until the further action of the Arkansas Railroad Commission in the premises, upon a new application, as indicated above.

It is so ordered.