## FORT SMITH SPELTER COMPANY *v.* CLEAR CREEK OIL & GAS COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 266. Submitted January 28, 1925.—Decided March 2, 1925.

Where a private gas company, empowered to become a public service corporation, changed its status accordingly and exercised the power of eminent domain soon after it had contracted to furnish future supplies of gas to a consumer, and the face of the contract, and attendant circumstances, showed that this change was in contemplation when the contract was made, *held* that an order of a state commission allowing the company increased rates was not an unconstitutional impairment of the contract. P. 232.

161 Arkansas 12, affirmed.

ERROR to a judgment of the Supreme Court of Arkansas which sustained an order of the State Corporation Commission allowing the defendant in error gas company to increase its rates. See 161 Ark. 12; 153 *Id.* 170; 148 *Id.* 260.

*Mr. Tom M. Mehaffy, Mr. James W. Mehaffy* and *Mr. James S. Holt* for plaintiff in error.

*Mr. Joseph M. Hill* and *Mr. Henry L. Fitzhugh* for defendant in error. *Mr. Thomas B. Pryor* and *Mr. Vincent M. Miles* were also on the brief.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The Clear Creek Oil & Gas Company, a corporation of Arkansas, petitioned the Corporation Commission of the State for an increase of rates for gas used by smelters and the like. The Fort Smith Spelter Company objected on the ground that it received the gas under a private contract made by the Gas Company, when it was a private corporation, with two men to whose rights the Spelter Company had succeeded; and that therefore the contract was not subject to the modification asked. The Commission increased the rate and after intermediate proceedings the order of the Commission was affirmed by the Supreme Court of the State. 161 Ark. 12; s. c. 153 Ark. 170; 148 Ark. 260. The case is brought here by writ of error on the ground that the order is a law impairing the obligation of contracts. *Louisville & Nashville R. R. Co. v. Garrett,* 231 U. S. 298, 318.

The Supreme Court decided that the Gas Company had power under the laws of the State to become a public service corporation but was not bound to do so. Soon after the contract in question was made the Gas Company did become su . a corporation and as such exercised the power of eminent domain. The Supreme Court held that if the contract was made when the Company had not yet devoted itself to the public service still the instrument on its face and also the circumstances showed that public service on the part of the Company was contemplated with the consequence that the Company and all its contracts would become subject to public regulation. We see no sufficient reason for disturbing this finding. As was said below, the fact that the gas was to be delivered at Fort Smith, eighteen to twenty miles from the gas field specified in the agreement, showed that a pipe line would be necessary, which in the ordinary course of events would require the exercise of eminent domain. The gas field

was large and additions were agreed for. The contractors were entitled to call for one hundred and fifty million cubic feet of gas for each thirty days, with a possible extension up to three hundred million. They were given the ' first call ' upon the Company's gas supplies and it was agreed that if the Company should sell gas to consumers, except churches, schools, hospitals, or charitable institutions, at a rate less than that fixed by the contract there should be a corresponding reduction. Everything in short pointed to a very extensive enterprise which hardly would be possible without the power incident to this public service under the laws of the State. It would be most unusual, as all know, for such a Company to attempt to work in any other way. It already had franchises in several towns and cities to supply gas.

*Judgment affirmed.*