STANLEY V. CARR ET AL., APPELLANTS, V. CLARK H. FENSTERMACHER ET AL., APPELLEES.

FILED DECEMBER 10, 1929. No. 26706.

173

*Squires, Johnson & Johnson* and *Sullivan & Wilson,* for appellants.

*Dressler & Neely* and *Perry, Van Pelt & Marti* and *N. T. Gadd, contra.*

*Paul E. Boslaugh, Thomas J. Keenan* and *Grady Corbitt, amici curiæ.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson, and Eberly, JJ., and Redick, District Judge.

Rose, J.

This is a suit in equity to decree the invalidity of an ordinance authorizing the city of Sargent to buy a Diesel engine and other equipment for the improvement of an electric light and power plant already in operation and to enjoin the municipal officers and the seller of the equipment from performing a contract of purchase into which they entered. Plaintiffs are Stanley V. Carr and Edward Williams, who plead that they are resident taxpayers and users of electricity furnished by means of the plant; that the city was without power to enact the ordinance or to enter into the contract of purchase; that the municipal officers did not follow the statutory methods of procedure; and that the ordinance and contract of purchase are void. In the petition the ordinance, the contract, and other facts upon which plaintiffs rely for an injunction are pleaded at great length. Regularity of the municipal proceedings, validity of the contract of purchase and other grounds of defense are fully pleaded in the answer of defendants. Upon a trial of the issues the district court dismissed the suit and plaintiffs appealed.

The validity of the contract is vigorously assailed on the ground that the only legal way to purchase the equipment was to raise the necessary funds by taxation or by means of a bond issue authorized by a vote of the people, neither step having been taken. Those methods are authorized by the city charter and it is argued that they are exclusive. Comp. St. 1922, secs. 4396-4399. The city was operating an electric light and power plant at the time the Diesel engine was purchased. The new equipment was procured in the following manner: The council enacted and the mayor approved an ordinance declaring the old equipment to be inadequate, authorizing the purchase, directing notice for bids, and providing for payment of the purchase price out of the net receipts from the operation of the plant and not out of any funds raised by taxation, notice to bidders so specifying. The ordinance

provided further that the unpaid indebtedness incurred should be evidenced by conditional warrants payable out of the net receipts from the operation of the plant and that the warrants should not be general obligations of the city nor payable by taxation. The notice to bidders described the Diesel engine and the other necessary equipment desired and recited that the city engineer's estimate of the cost would be approximately $16,500. Fairbanks, Morse & Company, defendant, made the only bid—$15,435. It was accepted. From funds on hand the city paid $3,000 and for the remainder, or $12,435, issued conditional warrants payable only from net earnings of the plant. The contract of purchase and the conditional warrants conformed generally to the terms of the ordinance. The sellers of the new equipment reserved the right to retain title thereto pending nonpayment of any part of the purchase price. The decree denying an injunction was not superseded. The new equipment was installed and the city continued to operate the plant as improved.

Plaintiffs argued that the statutory methods of raising funds by means of taxation or by a bond issue excluded every other method, and that consequently the ordinance, the contract of purchase and the conditional warrants were void. The charter of Sargent shows that the two methods indicated were authorized by statute. Comp. St. 1922, secs. 4397-4399. The statutory procedure must of course be followed where the specific methods of raising money are adopted. It is shown by the record that no attempt to raise funds by taxation or by a bond issue was contemplated or made. Both methods were specifically rejected by ordinance, contract and conditional warrant. It does not necessarily follow, however, that power to raise money to pay for the utility or the improvement thereof by other means was excluded by the legislative grant. The legislation does not contain exclusive terms. A grant of power to a city may imply a means of exercising it in addition to specific statutory methods without restriction as to others. In direct language cities of the class to which Sargent belongs are specifically empowered in a single

section of the charter "to purchase, construct, maintain and improve" a lighting system. Comp. St. 1922, sec. 4396. The section next following provides that the cost of such a utility "may" be defrayed by means of a tax levy and, if insufficient for the purpose, by a bond issue. The word "may," in the sense used, does not necessarily mean "shall." If the city has on hand sufficient available money for that purpose resort to a tax levy or a bond issue is unnecessary. *Christensen v. City of Fremont,* 45 Neb. 160. On precedent the power to raise funds for a lighting plant by the methods mentioned in the statute is not exclusive. Contracts beyond the power of a municipality are such as it cannot lawfully enter into for any purpose. *Stickel Lumber Co. v. City of Kearney,* 103 Neb. 636. In the present instance the city of Sargent had $3,000 available for the initial payment. Under the contract payment of the remainder of the purchase price, $12,435, cannot be enforced by means of a bond issue or a tax levy. The seller of the new equipment and the holders of conditional warrants are limited to collection of deferred payments out of net earnings of the plant. By the very terms of the contract of sale individual property owned by residents of Sargent cannot be taxed to pay any part of the purchase price. The evidence shows that the new equipment was needed to make the plant efficient. There is nothing in the record to show extravagance, fraud or official corruption in the municipal proceedings. Performance of the contract according to its terms will not result in the taxation of any property owned by plaintiffs. The city had power in some form to make the purchase. The method adopted was not specifically prohibited by law and does not seem to be illegal. The power to pay for or improve a lighting utility with available money on hand or with net earnings of the plant is implied by the general grant. A general liability of the city was not created. Under the circumstances, therefore, want of power and alleged illegality in the respect indicated are not sufficient grounds for granting an injunction.

Plaintiffs argue further that the purchase is void be-

cause the annual appropriation bill did not contain an estimate of the expenditure as required by statute. Comp. St. 1922, sec. 4373. A formal appropriation in advance was unnecessary in the present instance, since funds to meet the expenditure are not to be raised by taxation, the obligation being payable alone out of funds on hand and net earnings of the plant and not being a general indebtedness of the city. *State v. Martin,* 27 Neb. 441; *Moore v. City of Central City,* 118 Neb. 326; *Slocum v. City of North Platte,* 192 Fed. 252.

Another point urged as a ground for an injunction is that the contract is void for want of a city engineer's previous estimate of cost. Such an estimate seems to be required by law where the expenditure exceeds $500. Laws 1925, ch. 51. The engineer did in fact submit what was treated by the city and the bidder as an estimate, but it is condemned by plaintiffs as "no estimate at all." It described the Diesel engine and the other equipment desired, and concluded: "Costs not to exceed $16,500." The statute did not prescribe a form for an estimate. The failure of the engineer to state a definite amount instead of the maximum cost was an irregularity at most. It served the statutory purpose of an estimate. No one was misled, deceived or wronged by it. The bid was lower than the sum stated by the engineer and there is nothing to show that the purchase price was excessive. The irregularity is not a ground for an injunction.

Failure of the city in its notice to bidders to state the hour for closing and opening bids is also urged as a ground for equitable relief. The advertisement required bids "on or before the 7th day of May, 1928." The rule in absence of a statute prescribing a particular form is that harmless informalities do not vitiate the notice for bids where the information necessary to proper bidding is given. There was a substantial compliance with the statute in respect to notice and the irregularities challenged are not fatal defects entitling plaintiffs to an injunction. There was only one bid for the Diesel engine and no one was injured by the omission.

Plaintiffs contend further that the contract to pay for the equipment out of the net earnings of the electric light and power plant will prevent the mayor and council from performing their duty to fix reasonable rates for electrical currents. The ordinance and the contract limit the sellers of the equipment and the holders of the conditional warrants to net earnings based on lawful charges for light and power. The point does not seem to be well taken.

On the whole case the conclusion is that the suit was properly dismissed.

AFFIRMED.

Good and Thompson, JJ., dissent.