OTOE COUNTY ET AL., APPELLEES, V. C. L. KELLY, COUNTY TREASURER, APPELLANT.

FILED APRIL 25, 1936. No. 29872.

*Marshall Pitzer*, for appellant.

*Moran & James, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Good, J.

This is an action for a declaratory judgment to determine whether the county board of Otoe county, by resolution, has power to direct the county treasurer to transfer a balance of $27,980.26 in a county jail fund and $3,000 from the general fund to a special fund for the construction of a jail, an addition to the courthouse and remodeling and repair thereof; and whether the county treasurer is required, upon resolution of the county board, to make such transfer.

The action was instituted by the county of Otoe and its county board against the county treasurer. In the answer of the treasurer it is asserted that the jail fund was collected by general taxation for the construction of a jail; that it would be unlawful to transfer such fund to another fund, and that, should he do so, he might be personally liable on his official bond, and it is contended that the county board has no authority to direct such transfer. The trial court entered judgment for plaintiffs and determined that the county board was authorized to direct the transfer of such fund to the special fund, and that it is the duty of the county treasurer, upon resolution of the county board, to make such transfer and to pay out such fund upon warrants for which the special fund would be created. The county treasurer has appealed.

The record discloses that the present county jail is in the basement of the courthouse; that the building is some 60 years old and is totally inadequate for the needs of the

county, either for a courthouse or a jail; that there is a lack of vault space for the county records, lack of office rooms for a number of the county officials, and that a new wing to the courthouse is needed; that the county jail is unsanitary, insecure and totally inadequate for the needs of the county. It also appears that the county of Otoe is in a position to obtain from the United States government the sum of $24,781, to be used in the construction of an addition to and remodeling and repair of the courthouse and the construction of a jail in the new wing or addition to the courthouse, and that such fund, together with the jail fund and $3,000 from the general fund, all placed in a special fund to be used for the construction of the addition to and remodeling of the courthouse and construction of the jail, will be sufficient for that purpose. It also appears' that the county board has adopted plans and specifications for the proposed improvement, of an addition to and remodeling and repair of the courthouse and a new jail, and has advertised for and received bids for such construction, and that the proposed fund from the three sources is sufficient for the entire improvement. It also appears that the amount of the special fund, which would be required for the proposed jail in the wing or addition to the courthouse, would be in excess of $29,000, so that, in effect, the total amount of the jail fund, in the event the improvement is made according to the contract, would be wholly expended for jail purposes and none of such fund would be diverted from the purpose for which it was raised by taxation.

With respect to the transfer of $3,000 from the general fund, section 26-717, Comp. St. 1929, provides: "The county board of any county in the state of Nebraska shall have the power to transfer any unexpended balance * * * to any other county fund, when the interests of the county seem to demand such transfer: Provided, in no case shall such transfer reduce the amount of said county general fund below the sum of two thousand dollars." It is conceded that the transfer of $3,000 from the general fund would leave more than $2,000 in that fund, and the power of the county board

to authorize transfer of $3,000 of the general fund to the special fund in question is not contested.

Section 26-108, Comp. St. 1929, among other things, provides that a fund for the erection of a courthouse or jail shall be used only in the construction of a courthouse or jail, or for the expense of tearing down an existing courthouse or jail, or making improvements thereon. Appellant contends that the transfer of the fund in question would authorize the expenditure of the jail fund for another purpose than that for which it was created. If the contemplated improvement is made, it is true that the jail fund, when transferred to the special fund, would be used, with other funds, not only in the construction of a jail, but for the addition to and remodeling and repair of the courthouse, but, since more than the jail fund would be used for the construction of the jail, which would be in the basement of the proposed wing or addition to the courthouse, it seems that it can scarcely be contended in good faith that the jail fund would not be used for the purpose for which it was raised by taxation.

It might be suggested that the county was not authorized to expend the fund without an appropriation for that special purpose, and that, since the statute provided a specific method for raising funds for the construction of a county jail and for remodeling of a courthouse, that method alone should be used.

In *Carr v. Fenstermacher*, 119 Neb. 172, 228 N. W. 114, it was held: "A grant of power to a city may imply a means of exercising it in addition to statutory methods without restriction as to others." It was also therein held: "Where a city of the second class has on hand sufficient available money to pay the purchase price of a municipal lighting utility, resort to a tax levy or to a bond issue for that purpose may be unnecessary, such methods, though authorized by statute, not being exclusive." In that case there was a fund on hand sufficient for the construction of the utility. It was further held therein: "Power of a city to install and maintain a municipal lighting plant by means of a tax levy

or a bond issue may, for such purposes, imply power to make a cash payment from funds already on hand."

In the instant case, the money is on hand or available from the gift of the United States government and the fund in the treasury of the county to make the needed improvement. Resort to a levy or bond issue for an addition to the courthouse was, therefore, unnecessary, and we think it was within the power of the county board not only to authorize the transfer of the jail fund in the county treasury and $3,000 from the general fund, but also to contract for the proposed improvement, including the construction of a jail in the proposed addition to the courthouse.

We are of the opinion that the trial court committed no error; that its judgment is right, and it is therefore

AFFIRMED.