CHIEF JUSTICE SIMPSON
delivered the opinion of the court:
The jurisdiction of this court is objected to, and this is the first question to be decided.
The plaintiffs in the action, who are now appellants, alleged in their petition that they had contracted with the defendants for the delivery by them of from two to three hundred bushels of prime white wheat, at one dollar and ten cents per bushel; and for one hundred bushels of good merchantable rye at seventy-five cents per bushel; and had made to them an advance payment on the contract of two hundred dollars. They also alleged that the defendants had wholly failed to deliver either *396 the wheat or the rye according to tbe stipulations of the contract, or to refund the money which had been advanced to them. They therefore prayed for a judgment against the defendants for two hundred and fifty dollars.
The defendants, in their answer, contended that they had complied in part with the terms of the contract sued on, and were prevented from a full compliance ^therewith by the plaintiffs themselves.
On the trial, the jury found for the plaintiffs the sum of three dollars and forty-seven dents only. A motion which they made for a new trial was overruled, and a judgment was rendered in their favor for three dollars and forty-seven cents, and in favor of the defendants for the costs of the action. From that judgment the plaintiffs have appealed.
As the matter in controversy exceeded fifty dollars, this court has jurisdiction on an appeal by the plaintiffs in tlie action, although as the judgment of the court below is for a less sum than fifty dollars, no appeal lies in favor of the defendants. The fact that the record does not contain a bill of exceptions, setting forth the evidence which' was introduced on the trial, although it will prevent the appellants from having a reversal of the judgment upon the verdict of the jury, does not affect the question of jurisdiction, or deprive the appellants of their right to prosecute the appeal.
The judgment of the court below overruling the motion for a new trial must, however, be affirmed, because this court, in the absence of a bill of exceptions containing the evidence and the instructions to the jury, will presume that the action of the court below was correct. The only question therefore to be decided, is that which relates to the judgment for costs.
The chapter in the Revised Statutes on the subject of costs contains the following provision, (page 204:)
“ The party succeeding in any civil suit or action, on the merits or otherwise, shall recover costs, unless differently provided in this chapter.”
There is no provision contained in the chapter that the plaintiff in an action on a contract shall not recover his costs unless he obtains a judgment for a sum exceeding fifty dollars, or any *397 other specified amount. The previous act to that effect being inconsistent with the Revised Statutes, was repealed by them, and is no longer in force. The party -who succeeds in the action, be the recovery as small as it may, is entitled to a judgment for his costs. The court therefore erred in refusing to give the appellants a judgment for their costs, and in rendering one against them in favor of the defendants.
Wherefore, the judgment for costs is reversed, and cause remanded that a judgment may be rendered in conformity with this opinion.