JUDGE GOFER
delivered the opinion of the court.
On June 20, 1867, the appellants sold and conveyed to the appellee certain real estate in the city of Covington at the price of $9,000 then paid.
The appellee was subsequently sued by the devisees of Samuel Butts, who recovered a judgment against him for the property; but he was adjudged entitled to be paid for improvements put upon it by the appellants and their vendors, subject, however, to a deduction for the rent after he came into possession.
The rents were ascertained to amount to the sum of *121 $2,408.42, and the improvements were estimated at $4,500, leaving due to the appellee on account of improvements the sum of $2,091.58 with interest from February 19, 1872.
The value of the improvements was adjudged to be a lien on the property, and Butts’s devisees having failed to pay the amount, and the property not being susceptible of division, it was decreed to be sold to pay to the appellee the amount adjudged to be due to him, and the residue was disposed of by the judgment for the benefit of the plaintiffs in that suit.
The appellee remained in possession of the property, and became the purchaser at the sum of $6,515, bearing interest from April 26, 1872, the date of the sale. Deducting from the amount of his bid the sum of $2,091.58, the amount adjudged to him, which, with interest to the date of the sale, amounted to $2,114.92, and there remained to be paid to Butts’s devisees $4,400.08.
Appellee afterward sued Freiberg & Workman, vendors of appellants, on their warranty to them, and recovered the sum of $1,500 with interest from April 4,1867, and the costs, legal and extraordinary, of the suit of Butts’s devisees against him, and then brought this suit against the appellants on their covenant of warranty, and asked and recovered judgment against them for the sum of $3,000 with interest from June 20, 1867, the date of their deed, and $200 for the expenses of the suit against Freiberg & Workman, which it was alleged had been prosecuted at the instance and for the benefit of the appellants. From that judgment this appeal is prosecuted.
The appellants filed an answer, but it presented no defense. They tendered and offered to file three amendments to their answer, but they were all rejected upon objections offered by the appellee. To the refusal of the court to allow the several amendments to be filed the appellants excepted, and “ on their motion,” as each of the orders recites, “ said amendment is made part-of the record.”
*122 What purport to be copies of these amendments are contained in the transcript before us; but they are not identified either by the orders of the court rejecting them or by the certificate of the clerk as the papers tendered and rejected, and are not made part of the record by bill of exceptions, and can not be considered as constituting any part of the record in this court.
The original answer not presenting a defense, was properly ignored, and a jury was sworn to assess the damages; and the only question we shall consider is whether the petition and evidence sustain the verdict and judgment.
It is not alleged that the recovery by Butts’s devisees was under a title paramount to that of the appellee under his deed from the appellants; but the record of the suit in, which that recovery was had is made a part of this record, and shows that the recovery was in fact under a paramount title.
Nor is it alleged that the appellants undertook or agreed to pay the expense of the suit against-Freiberg & Workman, and there is no evidence what the amount of such expense was.
It is insisted by counsel for the appellants that the judgment is for greatly more than they are liable for. They argue that as the appellee was never in fact dispossessed, and was adjudged to have a lien for improvements on the property when he purchased it, and in that way was enabled to subject the property to sale, at which he became the purchaser, he is not entitled to recover as upon an eviction, but is to be treated as purchasing in an outstanding title for the benefit of his vendors, and is only entitled to be reimbursed the money expended in acquiring it. This question affects the extent of appellee’s right of recovery, and must be decided.
The appellee has been compelled to account to Butts’s devisees for the rent of the property from the time he entered into possession up to the date of the decretal sale; and if he has a right to recover as upon an eviction he is entitled to the *123 amount of purchase-money paid and interest thereon from the date of his deed, subject to credits for the excess of the valuation of improvements over the rent he was compelled to pay, and for the amount recovered from Freiberg & Workman.
But as it was through the claim for improvements derived from his vendors that he was enabled to subject the property to sale, to that extent he derived benefit from them; and having purchased the property under that judgment at less than he had originally paid for it, and never having been in fact dispossessed, he should be treated as having bought in the title for his vendors. (Burns v. Wilkinson, 31 Miss. 544.)
The cases cited by appellee’s counsel are not analogous to this. The vendees in those cases were not enabled to buy in the title upon which they would otherwise have been dispossessed through the operation of equities derived from their vendors.
This we take to be the true rule. When judgment of eviction has been rendered against the vendee, if he, without aid derived from his vendor, buys in the paramount title, he may recover as upon a breach of the covenant of warranty the whole purchase-money and interest. But if, through equities derived from his vendor, he subjects the property to sale and then becomes the purchaser, he will be treated as purchasing for his vendor’s benefit, and will only be entitled to recover what it cost him to perfect the title. In such a case the eviction is only partial; the vendee still retains an interest derived from his vendor, by means of which he is enabled to acquire a complete title. Under such circumstances the contract of purchase is not dissolved, and the vendee must be treated as still holding under his vendor so far as to entitle the latter to the benefit of the purchase of the outstanding title.
The appellee purchased the property at the decretal sale at the price of $6,515, out of which he retained on account of the excess of improvements over the amount of rent he was *124 compelled to pay, and interest thereon, $2,114.92, which, deducted from the amount of his bid, left the sum of $4,400.08, which he paid to Butts’s devisees. He then recovered from Freiberg & Workman, on their covenant of' warranty to the appellants, the sum of $1,500, with interest from April 4, 1867, amounting at the date of his purchase under the judgment, April 26, 1872, to the sum of $1,955. This being deducted from the amount paid to Butts’s devisees, left due to the appellee, April 26, 1872, $2,445.08; and that sum, with interest from that date, is all he was entitled to recover, unless the appellants undertook to pay the expenses of the suit against Freiberg & Workman, in which case he will be entitled to recover an additional sum sufficient to reimburse him for reasonable expenses incurred in the prosecution of that case.
It was alleged that the appellee when sued by Butts’s devisees gave notice thereof to the appellants, and that allegation not having been denied, the record of that suit was competent evidence against them. But the verdict and judgment being for an amount greater than the appellee was entitled to recover, the judgment is reversed, and the cause is remanded for further proceedings upon principles not inconsistent with this opinion.