## Lewis' Admr. v. Bowling Green Railway Company.

(Decided March 12, 1912.)

### Appeal from Warren Circuit Court.

1. Amended Pleading—Refusal of Court to File.—Not Made Part of Record by Order of Court or Bill of Exception.—An amended petition which the court refused to be filed, unless made a part of the record by an order of court or a bill of exceptions cannot be considered an appeal.

2. Actionable Negligence—Dragging a Boy on Train—Refusal to Allow to him Get off—Injury Causing Death.—It is actionable negligence for those in charge of a railway train to drag a thirteen year-old boy upon a railway car and to refuse to let him get off when he undertook to leave, and in jerking him when he attempted to leap off, which caused him to fall under the wheels and was thereby so injured as to cause his death.

BRADBURN & BASHAM and J. H. GILLIAM for appellant.

T. W. THOMAS, R. C. P. THOMAS and SIMS & RODES, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was instituted by appellant against the Bowling Green Railway Company, Rupert Meyers and

W. C. Brownfield. Appellee filed a demurrer to the petition and the court sustained it, and appellant offered to file an amended petition, but appellee objected and the court sustained its objection and refused to allow it to be filed. The amended petition was not made a part of the record by either an order of court or by a bill of exceptions, therefore it can not be considered on this appeal, although it is copied into the record. (Hortsman v. C. & L. R. R. Co., 18 B. Mon., 218; Nolan v. Feltman, 12 Bush, 119; Dehoney v. Bell, 17 Ky. L. R., 76; Stafford v. Dyer, 19 Ky. L. R., 155, and McGrew's Extr. v. Congleton, etc., 139 Ky., 515.) Therefore, the only question for consideration is, Did the allegations of the original petition state a cause of action against the railway company? It is not necessary for us to consider the petition with reference to the allegations against Meyers and Brownfield, as appellant, at the time he offered his amended petition, dismissed his action against them. The petition was inartfully drawn. We glean from it, however, the following facts: The railway company had a passenger car upon its track in the suburbs of Bowling Green, which was moved, or intended to be moved, through the city; that the car was stopped upon the track near the home of the parents of appellant's decedent, who was only thirteen years of age and small for his age; that Meyers and Brownfield forcibly took charge of the boy and dragged him to the rear of the car; that he was there received by the motorman of the car and dragged to the front platform; that the motorman held him with one hand and undertook to operate the car with the other; that he put the car in motion and ran it very fast; that he told the boy while he was dragging him along the aisle of the car to the front platform, that he was going to take him down town and deliver him to the police; that the boy was very much frightened and was crying; that he begged the motorman to let him off the car and said he wanted to go home to his parents; that the motorman refused to let him off and he attempted to leap from the car and the motorman tried to jerk him back, which caused him to fall under the wheels of the car which ran over and killed him. It was alleged that all this was wrongfully and negligently done; that the railway company was negligent in employing and placing on its car to manage and control it an inexperienced youth with but little, if any, knowledge of how to operate and control cars propelled

by electricity, and that the motorman, on account of his youth and inexperience, was not capable of discharging the duties assigned to him. Many other allegations were made in the petition, but it is unnecessary to refer to them. The allegations already referred to, admitted as they were by the demurrer, authorized a recovery on behalf of appellant.

Appellee's counsel contend that the railway was not responsible for assaults and batteries committed by its agents and servants. This is true when they are not committed in their line of duty, or in the apparent scope of their employment. It is true the petition says that Meyers and Brownfield assaulted the boy; that they laid violent hands upon him and put him on the rear platform of the car; that he was assaulted by the motorman of the car, who laid violent hands upon him and took him through the car to the front platform, as before stated. The petition gives the particulars of the assault and battery committed by the agent of the railway company. The facts alleged show that the boy was carried onto the car for the purpose of carrying him into the city, therefore he became a passenger and the motorman should have exercised care to conduct him safely. If he had a right to receive him as a passenger, under the facts stated in the petition he had no right to compel him to remain a passenger upon the car, and it was negligence upon the part of the motorman in not stopping the car so the boy could get off when he requested that it be done; and the motorman was negligent in jerking the boy when he attempted to leap off the car, which caused him to fall under the wheels.

Therefore, we are of the opinion that the lower court erred in sustaining the demurrer, and the judgment is reversed and the case remanded for further proceedings consistent herewith.