## Darby v. Van Meter.

(Decided October 23, 1913).

### Appeal from Fayette Circuit Court.

1. Husband and Wife—Bank Account in Wife's Name—When Subject to Husband's Debts.—Where the husband has a bank account in his wife's name, checking on it as his own, and using the money in his own business, she exercising no control over the account, the money may be subjected to the husband's debts.

2. Husband and Wife.—But in such a case the money of the wife which actually went into the account is properly adjudged to her.

3. Evidence—One Cannot Complain of Evidence Which He Himself Brought Out.—The plaintiff having taken depositions and brought out the material facts on his own direct examination, cannot except on the ground that the husband and wife could not testify.

4. Costs.—In an action to subject a fund to a debt if the plaintiff subjects any part of the fund, he is entitled to his cost.

KIMBALL & HUNTER for appellant.

STOLL & BUSH for appellee .

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

B. F. Van Meter recovered a judgment for $1.000.00 against J. W. Darby. Execution was issued on the judgment and returned no property found, and thereupon this action was brought to enforce satisfaction of the

judgment. It was alleged in the petition that J. W. Darby had recently come into the possession of a large sum of money which he had deposited in the Second National Bank of Lexington to the credit of his wife, Mary Darby, in order to conceal the property and defeat the plaintiff's claim; and that Mary Darby had no interest in the money. An attachment was issued which was served upon the bank garnisheeing the money in its hands. The bank answered showing that there was on deposit in the bank $757.13, in the name of Mrs. J. W. Darby. Mrs. Darby and her husband each filed an answer charging that the money was her property and that her husband had no interest in it. Proof was taken and on final hearing the court adjudged to Mrs. Darby $250 of the money in the bank as her property and entered a judgment directing the bank to pay to the plaintiff the remainder of the fund $507.13. He also entered judgment-in favor of the plaintiff for his cost. From this judgment Mrs. Darby appeals and the plaintiff has prosecuted a cross appeal.

The judgment in favor of Van Meter against J. W. Darby was entered on June 21, 1911, the execution on the judgment was returned no property found on June 17, 1912. J. W. Darby had an account in the Second National Bank which was opened on September 15, 1911, and ran until March 2, 1912, when the account was closed. The account in the name of Mrs. Darby was opened on March 14, 1912, by a deposit of $100 and ran until June 18, when the attachment was served. Mrs. Darby and her husband testify that she furnished her husband the money with which the account was opened; that he made bets for her on horse races, and that in this way the money deposited in bank was made, one of the deposits being for $1,150, another for $700, another for $600 and several for $200. Mrs. Darby was at no time at the bank. She did not know what was deposited or what was checked out. The husband checked out the money as he pleased and used it as he pleased. He used some of the money for his own purposes and some he used on his wife's account in business that she was carrying on. He was also carrying on business on his own account and some of the money was used in his own business. The chancellor seems to have come to the conclusion that $250 of the balance in bank represented money which Mrs. Darby had turned over to her husband to deposit for her over and above what he had paid out for her,

and that the balance of the fund was the husband's money. We give some weight to the finding of the chancellor, and we do not disturb his finding where on the whole evidence the mind is left in doubt as to the truth. We have no doubt from this record that the husband handled this fund as he pleased, and that he and his wife both considered that he had the right to check out this money in any way he pleased. The proof leaves no doubt that he would have checked it out and used it himself if it had not been attached. We do not see, therefore, that the court erred in subjecting to the plaintiff's debt the fund which represented what the husband had made in his bets on horse races. While the evidence is not clear, we think the circumstances sustain the chancellor in adjudging to the wife that part of the fund which represented her money in the bank.

It is claimed on the cross appeal that the circuit court should have sustained the plaintiff's exceptions to the evidence of Mr. and Mrs. Darby. But the plaintiff took these depositions and there is nothing in the record to show that they were taken for the purposes of cross-examination. In addition to this all the material facts were brought out on the plaintiff's own examination of the witnesses. The cross-examination merely brought out the facts more fully. The plaintiff cannot complain of the evidence which he himself brought out. It is, therefore, unnecessary for us to pass upon the competency of the witnesses.

Mrs. Darby complains that the court erred in adjudging the cost of the action against her. Section 889, Kentucky Statutes, provides:

"In actions in equity the party succeeding on the merits or otherwise shall recover his cost except against nominal defendants."

The purpose of the action was to subject the fund in the bank to the plaintiff's debt. Mrs. Darby defended the action claiming the entire fund. The plaintiff succeeded in subjecting to his debt a part of the fund. It is simply a case of a plaintiff recovering a smaller amount than he claimed. Having succeeded in making a recovery, the plaintiff is entitled to his cost under the statute. (Brandies v. Stewart, 1 Met., 395.)

Judgment affirmed on original and cross appeals.