### Casebolt, et al. v. Hall, et al.

(Decided October 26, 1917.)

### Appeal from Pike Circuit Court.

1.  Quieting Title—Costs.—In a suit to quiet title to land the plaintiff is entitled to his costs if he succeeds as to any portion of the law in dispute.
2.  Appeal and Error—Rejected Pleading.—A rejected pleading, although copied into the record, cannot be considered upon appeal, unless it has been made a part of the record by an order of court, or by a bill of exceptions.

R. H. COOPER and ROSCOE VANOVER for appellants.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is the second appeal in this case. See Hall v. Casebolt, 171 Ky. 477, Ann. Cas. 1917C, 1012, for the former opinion, where the facts are stated at length. Hall and his partner recovered a judgment against John H. Casebolt in 1912 for $90.49, and caused an execution issued thereon to be levied upon two tracts of land which they claimed belonged to John H. Casebolt, the execution debtor, although the title thereto was then held by his children, Willie and Clara Casebolt.

The two tracts were sold under the execution and Hall became the purchaser. Subsequently Willie and Clara Casebolt brought this action against Hall and the

sheriff to quiet their title to the two tracts which had been sold under the execution and to have the levy and sale thereof set aside, upon the ground that the lots belonged to the children, and not to their father, John H. Casebolt. He also claimed a homestead in the second tract. The chancellor granted the prayer of the petition and set aside the sale as to both tracts and quieted plaintiffs' title.

It appeared, however, from the proof that the first tract had never belonged to John H. Casebolt, but had been conveyed to Willie and Clara Casebolt directly from their grandfather, Hiram Casebolt, but that John H. Casebolt, the father, had paid $50.00 upon the purchase money, and that the second tract had belonged to John H. Casebolt. Under this proof the court held that the conveyance of the second tract was voluntary and without consideration and was subject to sale under Hall's execution; but, since the title to the first tract had never been in John H. Casebolt, it would be necessary to institute a proceeding to have the conveyance from Hiram to Willie and Clara Casebolt declared fraudulent to the extent that John H. Casebolt had paid the purchase money in order to subject it to Hall's claim, and that it could not be sold under Hall's execution because the title had never passed from John H. Casebolt.

The result of the first appeal was, that the provision of the judgment of the chancellor which set aside the sale of the first tract of land was affirmed; but that portion of the judgment which set aside the execution sale of the second tract was reversed; and the case was remanded with instructions to the chancellor to enter a judgment accordingly.

Upon the return of the case to the circuit court, a judgment was entered setting aside so much of the chancellor's judgment as has set aside the sale of the second tract; annulling the deed by which John H. Casebolt conveyed the second tract to his father, Hiram, as well as the deed by which Hiram conveyed the second tract to Willie and Clara Casebolt; adjudging that the second tract was the property of John H. Casebolt, and as such was subject to the execution sale; that John H. Casebolt was not entitled to a homestead in the second tract of land; dismissing so much of the petition as prayed the vacation of the sale of the second tract and to quiet his title thereto; and that Hall and his partner recover of the plaintiff their costs therein expended. The judgment

further recites that before it was entered, the plaintiff, John H. Casebolt, offered to file an amended petition, which the court rejected upon the objection of Hall.

John H. Casebolt and his children again appeal and assign two errors for a reversal: (1) That the court erred in giving Hall a judgment for all of his costs in this action; and (2) that the court erred in rejecting the amended petition.

We find no merit in either of these claims.

1. Section 125 of the Civil Code provides that in a suit for the recovery of land, the defendant shall pay the costs of the action if the plaintiff recover any part thereof; and section 889 of the Kentucky Statutes further provides, that the party succeeding in an ordinary action, on the merits or otherwise, shall recover his costs, unless otherwise provided by law, and that in actions in equity the party succeeding on the merits, or otherwise, shall recover his costs except against nominal defendants. For constructions of these statutes, see Brandeis v. Stewart, 1 Met. 395; Childers v. Belcher, 142 Ky. 605; Shanahan v. McIntyre, 169 Ky. 166.

The appellants filed this action in equity to quiet their title to the two tracts of land, and having succeeded as to one tract they were entitled to a judgment for all of their costs incurred in the circuit court; but, Hall having reversed that judgment upon the first appeal, he was entitled to recover from the defendants his costs incurred in procuring that reversal, including the entry of the subsequent orders necessary to effectuate the reversal in the circuit court. Childers v. Belcher, *supra.* But the provision in the judgment of reversal entered in the circuit court declaring that the defendants Hall and his partner "do recover of the plaintiffs their costs herein expended," means, as we read it, that the defendants recover their costs incurred in entering the judgment of reversal in the circuit court; and to that they were entitled. As heretofore stated, the plaintiffs were entitled to recover from Hall all of their costs theretofore incurred in the circuit court except to the limited extent above stated; and this the original unreversed judgment gave them.

2. Assuming, for the argument, that the amended petition stated a cause of action and should have been filed, the error of the circuit court in rejecting it cannot now be revised, if the rejected pleading has not been made a part of the record. The order tendering the

pleading recites that the plaintiffs tendered it, and offered to file it, to which the defendant objected; and that the court sustained the objection and declined to file the pleading, to which order John H. Casebolt excepted. The amended petition is copied into the record, and bears this endorsement: ''Tendered and offered to be filed, Feb. 28th, 1917, W. B. Taylor, Clk., by R. H. Sowards, D. C.''

It has repeatedly been held by this court that a rejected pleading cannot be considered, although copied into the record, unless it has been made a part of the record by an order of the court, or by a bill of exceptions. Hortsman v. C. & L. R. R. Co., 18 B. M. 218; Nolan v. Feltman, 12 Bush 119; Dehoney v. Bell, 17 Ky. L. R. 76, 30 S. W. 400; Stafford v. Dyer County Bank, 19 Ky. L. R. 155, 39 S. W. 708; McGraw's Exor. v. Congleton, 139 Ky. 515; Herndon v. Louisville National Banking Co., 124 S. W. 836; Lewis' Admr. v. Bowling Green Ry. Co., 147 Ky. 461, 39 L. R. A. (N. S) 929; Commonwealth v. P. C. C. & St. L. R. Co., 163 Ky. 646.

The amended petition, in this case, was never filed or made a part of the record, for any purpose, either by an order, or by a bill of exceptions. On the contrary, it was tendered and rejected. Under these circumstances it can not be considered, and the case stands upon the judgment entered upon the return of the case upon the original record; and, as that judgment conformed to the opinion of this court on the first trial, it cannot now be questioned.

Judgment affirmed.