## Broyles, et al. v. Parks.

(Decided June 24, 1927.)

### Appeal from Whitley Circuit Court.

1. Boundaries.—In action involving title to land based on different surveys, and proper method of making survey on undisputed fact is involved, question is one of law for court, but where there is dispute as to line or corners, it is question of fact for jury.

2. Boundaries.—Where evidence was conflicting as to beginning point of land in action of trespass to try title, court properly submitted issue to jury.

HENRY C. GILLIS for appellants.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This is an action for trespass to try title instituted by appellant.

The defendant answered denying plaintiff's title, denying the trespass, and asserting title to a designated tract of land embracing that desribed in the petition.

Defendant also alleged that if there was any conflict between the plaintiff's and defendant's lands and the titles under which they claimed, that defendant was the owner of such lap or interference by paramount and superior title. After a survey made under order of the court defendant filed an amendment alleging that there was an interference to the extent of 5¾ acres, but that defendant was the owner of such lap or interference by paramount and superior title, and, in addition, asserted title by adverse possession.

The issues being made up, a trial was had, and the jury, under instructions from the court, and after going upon the ground under order of the court, found a verdict for defendant, and from a judgment entered on that verdict this appeal is prosecuted.

The facts are that plaintiff is the owner of and claiming title under the Duncan 100-acre patent issued in 1833, while defendant is the owner of, and claiming title under, the Rockhold 50-acre patent issued in 1826; and as indicated by the survey made under order of court the interference or lap of 5¾ acres is actually embraced in each of the surveys. The whole controversy in its final essence is the beginning point of the Rockhold 50-acre patent, for if it begins where defendant claims it obviously embraces the interference within the 50-acre elder patent, but if it begins at a point about 11 poles northwest of the beginning point claimed by defendant, and which is claimed by plaintiff to be the correct beginning point, then the first call in the Rockhold 50-acre patent runs out at a point so as to embrace the alleged interference within the plaintiff's Duncan or junior survey, and in which event there would really be no lap or interference.

The evidence shows that many of the trees and other things called for in the two patents have naturally after the great length of time disappeared, and the plaintiff's case was built around an effort to show by evidence that the beginning point of the Rockhold survey was at or about a stump in the line between the two patents, while defendant's contention was, and his evidence tended to show, that the beginning point was at or about another rotten stump in the line some 11 poles or more away from the other.

The evidence was very conflicting, and the court in an effort to fairly find the correct facts sent the jury on the ground and permitted them to view it, and they, after

having submitted to them in a clear and accurate instruction the only real issue in the case, found that the beginning point of the Rockhold survey was as claimed by defendant.

The plaintiff claims he was entitled to an instruction on adverse possession, but the court properly declined to submit that issue upon the ground that the evidence did not authorize it, and in this conclusion we concur.

It is true as contended by appellant that in an action involving the title to land based upon different surveys, and the proper method of making the survey upon undisputed fact is involved, the question is one of law for the court. May v. Wolf Valley Coal Co., 167 Ky. 525, 180 S. W. 781. But where as in this case there is a dispute as to the line or a corner, it is a question of fact to be submitted to the jury. Middlesborough Town & Lands Co. v. Hurst, 148 Ky. 316, 146 S. W. 723.

The court properly submitted the only issue involved in this case to the jury, upon conflicting evidence, much of which was based upon surveys and three or four maps filed by them. The issue was a simple one, and the jury after going over the ground and estimating for themselves the value of the conflicting evidence found for defendant; and an examination of such evidence seems to justify their finding.

Judgment affirmed.