## Melton v. Royster.

(Decided June 23, 1933.)

STEVE WILEY for appellant.
HERSCHEL T. SMITH for appellee.

. OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This action was brought by the appellee, Mrs. Mattie L. Royster, September 25, 1931, in the Fulton circuit court to recover a parcel of land within the corporate limits of the city of Fulton, together with damages for its detention.

Upon the trial, the jury returned its verdict for the plaintiff, awarding her the strip of land in question, upon which judgment was entered. From this judgment, the defendant, J. E. Melton, has prosecuted this appeal, seeking its reversal.

The plaintiff, Mrs. Royster, by her petition alleged that she was the owner and entitled to the possession of a certain lot or parcel of ground in the city of Fulton, Ky., situated on the branch of Harris Fork creek, which had been allotted and deeded her in the division of the estate of her father, the deceased W. P. Taylor, which tract was by the deed described as follows:

> "A certain town lot lying in the City of Fulton, Kentucky, and beginning at a stake, the southeast corner of the lot; thence west 335-2/5 feet to J. A. Collin's southeast corner; thence north with the Collins line 100 feet to a stake; thence east 235-2/5 feet to a stake, Henry Dement's northwest corner; thence south with Dement's line 80 feet to a stake, Dement's southwest corner; thence east with Dement's line 100 feet to a stake; thence south 20 feet to the point of beginning, said lot fronting on the old Fulton and Wesley public road 235-1/2 feet."

Plaintiff further averred that said described lot thus conveyed her was in September, 1898, conveyed to her father by W. T. Crow and wife and filed attested copies of said deeds with her petition; she further alleged that the defendant, J. A. Melton, now holds and has for the last fourteen or fifteen years wrongfully

held off the east end of her lot a certain part thereof, described according to the letters and calls of the following map (which was filed with her petition as an exhibit), a copy of which is here given for purpose of affording a clearer understanding of the location of the lot in controversy with the adjoining lands of the parties as follows:

"Beginning at the letter 'N' and running east 39½ feet to Henry Dement northwest corner; thence

Map filed as Ehibit with Petition.

E

Wesley-Fulton Dirt Road

Collins Lot
W

south 80 feet to the letter 'O'; thence west 100 feet. to the letter 'D'; thence south 20 feet to the letter 'E'; thence west 139½ feet to the letter 'S'; thence north 100 feet to the letter 'N,' and the point of beginning.''

This map shows the entire tract, or lot, originally belonging to W. P. Taylor and which I now own. That part of said lot which you are now in possession of is outlined by the dotted lines in ink.

Plaintiff's Original Lot:

|  |  |  |
|---|---|---|
| A to B | 235 | ft. |
| B to C | 80 | ft. |
| C to D | 100 | ft. |
| D to E | 20 | ft. |
| E to F | 335½ | ft. |
| F to A | 100 | ft. |

Plaintiff further alleged in her petition that during the time the defendant had so wrongfully held the possession of said parcel of land, and long before said time, that she was and is now the wife of J. F. Royster.

Wherefore, she prayed judgment for recovery of said pracel of land wrongfully withheld from her and. for $540 damages, her costs, and all proper relief.

The defendant answered, traversing the allegations. of the petition, and further pleading that he was the owner of the parcel of land in controversy, by reason of his purchase thereof from one Raymond Jackson in 1915; and further pleaded that he and those under whom he claimed had been in the actual, continuous, and adverse possession of said land for more than thirty years. next prior to the filing of plaintiff's suit and that he had been in the continuous, actual, and adverse possession of said tract, holding exclusive dominion thereover, since his purchase of it in 1915 or holding same through his tenants' occupying the property as renters. during such time and, pleading his title acquired in the land both by his purchase and adverse possession thereof as a bar to plaintiff's right of action, prayed that plaintiff's petition be dismissed.

Plaintiff and defendant each claim under a common source of title through one Olden Smith, who in September, 1882, the record shows, acquired title to an.

acre lot in Fulton from one W. W. Meadows and which lot embraces the lots and intervening smaller tract here in controversy.

By the deed of Meadows to the said Olden Smith, plaintiff's and defendant's remote common grantor, the following described tract was conveyed him:

"Commencing at a stake the north East corner of said lot on Section line between Dr. G. W. Paschall & W. F. Carr thence west with Section line between Dr. G. W. Paschall & W. F. Carr thence west with Section line four hundred & Thirty five feet & eight inches to a stake thence East four hundred & Thirty five feet & eight inches to a stake on the Fulton & Wesley dirt road under the bridge thence north with said road one hundred feet to the beginning."

The grantee Smith on the same day reconveyed a lot from off the northeast corner of this tract to one Henry Dement under the following description:

"Beginning at a stake on the Old Road, being the north east corner and running West, with Mr. Paschalls South line One hundred and thirty three (133) feet to a stake thence south Eighty (80) feet to stake thence East One hundred and thirty three (133) feet to a stake about the middle of the creek Harris Ford * * * thence north Eighty (80) feet to the beginning,"

who in turn conveyed it to Israel Jackson by the same description. Also, Israel Jackson in 1911 conveyed the same to his sons Perry and Lee Jackson by the following description:

"Beginning at a stake on the old road, being the Northeast corner, thence west with Mrs. Paschalls south line 133 feet to a stake; thence south 60 feet to a stake, thence East 133 feet to a stake about the middle of Harris Ford Creek; thence North 80 feet to the beginning."

These grantees in turn undertook to convey the west 72-foot portion of this 133-foot lot to their brother Raymond Jackson by deed dated October 14, 1915, in their deed describing it as a lot:

"Beginning at a point on Reeds St. at the N. W. corner of said property and the N. E. corner of the

lot belonging to Mattie Royster, thence South about one hundred (100) feet to the middle of Harris Ford Creek; thence East seventy two (72) feet to a stake with the said creek; thence North about one hundred (100) feet to Reed St.; thence West seventy two (72) feet to the beginning corner."

This lot was on December 26, 1915, by like description, conveyed by Raymond Jackson to the appellant, Melton.

Plaintiff's chain of title, beginning with Olden Smith, starts with the deed by the master commissioner to Gus Thomas et al. in February, 1891, by which the following lot was conveyed out of Smith's acre tract, previously conveyed by W. W. Meadows in September, 1882, and from and out of which he had also conveyed to one Collins a lot, 100 feet square, from off its west end, also another lot to Henry Dement from off its northeast corner, described as being a lot measuring 133 feet by 80 feet. The description in the commissioner's deed made Thomas is as follows:

"Begins at a stake the S. E. corner thence West 335-2/3 feet to J. A. Collins S. E. corner thence North with said Collins line 100 feet to a stake thence East 235-2/5 feet to stake Henry Dements N. W. corner thence south with Dements line 80 feet to stake Dements S. W. corner thence East with Dements line 100 feet to stake thence south 20 feet to beginning."

This lot was in turn by Thomas et al. conveyed by like description to Clara M. Crow in 1894, and by the grantee Clara M. Crow and husband in September, 1898, to W. P. Taylor, appellee's father, and later deeded in the division of the said Taylor's estate by Pauline C. Davis and others to plaintiff, and appellee, Mrs. Royster.

The evidence for the plaintiff was that the defendant, Melton, as the purchaser of his 74-foot lot from Raymond Jackson, from off the west portion of the Henry Dement lot, which was next the eastern boundary line of plaintiff's lot, had encroached upon her lot and wrongfully taken possession from her of some 35½ feet of same, as her deed called for a frontage of some 235 feet on said Wesly public road, but that there was only some 200 feet thereon left her, due to the defendant's

alleged wrongful taking of its eastern 35½ feet; that actual measurements of this north or frontal line of the original Olden Smith tract abutting on this Wesly public road showed that it contained some 468 feet, rather than 435, as by his deed called for, or ample frontage to provide for each lot owner therein to receive the proper lot measurements conveyed them, beginning with the 100 feet west conveyed Collins, the adjoining 235 feet conveyed plaintiff and the 133 foot frontage conveyed Henry Dement from off the northeast corner. Also, the evidence was that after the conveyance to plaintiff of her 235-foot lot, she had taken possession thereof and continued to occupy the entire 235 feet of her lot until she was wrongfully dispossessed by appellant of the 35½ feet from off its eastern portion; also, that there was on the eastern 35½ feet of said lot, when deeded to and received by her, a house which she continued to use and control without question or dispute as her own, until the same burned in 1914, and thereafter until 1915, when the defendant secured the 72-foot Jackson lot adjoining, when he encroached upon, invaded, and took possession of this eastern 35½ feet of her lot as complained of.

The evidence, on the other hand, for the defendant was that the 35½ feet in dispute was a part of the 72-foot lot conveyed him by Jackson and rightly included within its boundaries and that the said 72-foot lot was the west portion of the 133-foot lot which had been in 1892 conveyed by Olden Smith to Henry Dement by such description and which had, by such description of the Dement lot, come through successive mesne conveyances to the defendant. Further, he and his witnesses testified that both he and those under whom he claimed had been in actual, adverse possession of this lot in question for more than thirty years, occupying adversely and continuously as its owners the whole lot, extending from the Wesly public road back to Harris Ford creek; and, further, that a wire fence had for years marked the western boundary of his lot in question from the eastern boundary of plaintiff's lot. Plaintiff, however, contends that there was no such fence there situated, but that there was for years a fence marking the eastern boundary line of her claimed 235-foot lot and to the east of the 35½-foot strip here in controversy, separating it from the western boundary of the Henry Dement lot.

Upon the conclusion of all of the evidence, the jury, under the instructions of the court, found for the plaintiff, whereupon the court adjudged her to be the owner of and to recover the strip of land in question from the defendant.

From this judgment the defendant has appealed, contending: (1) That the court erred in its instructions as given the jury; (2) that the verdict is not supported by the evidence; and (3) that the court erred in refusing to permit appellant to file his amended answer, set-off, and counterclaim.

Turning our attention to appellant's first contention, that the court erred in its instructions to the jury, the record shows that the court, upon its own motion, gave to the jury the following instructions:

"1. If the jury believe from the evidence that the strip of land in controversy is embraced within the boundaries described in the deed from W. P. Taylor, Master Commissioner to W. I. Burnett, Gus Thomas and C. E. Rice dated January 3, 1891, then you will find the plaintiff to be the owner of said strip unless they shall further believe from the evidence that the defendant and those under whom he claims had been in actual, adverse, open, notorious, and continuous possession of said strip for thirty years prior to September 5, 1931.

"2. If you believe from the evidence that said strip of land in controversy is embraced within the boundaries described in the deed from Olden Smith to Henry Dement dated August 31, 1892; or if you believe from the evidence that the defendant and those under whom he claims had been in the actual, adverse, open, notorious, and continuous possession of said strip for thirty years prior to September 5, 1931, then they will find the defendant to be the owner of said strip.

"3. By the term 'adverse possession' as used in these instructions is meant an actual entry upon the land in controversy by residence thereon or inclosure thereon with intention to possess and hold same against all other persons."

Criticism is made of instruction No. 3, undertaking to define adverse possession as erroneous, and therefore a reversible error where given upon the courts own motion.

Appellant's contention in this is answered by appellee, that if appellant was not satisfied with the instruction given by the court defining adverse possession, that it was appellant's duty thereupon to himself offer what he conceived to be the proper instruction, inasmuch as, he contends, that the court was not bound here to give any instruction unless the same was reduced to writing and duly requested by the objector.

That however, we conceive the rule to be that while it is not the duty of the court in a civil case to give the whole law of the case, yet, if upon its own motion it undertakes to do so, it is bound to give a proper instruction and if an instruction is so given that it is both incorrect and substantially prejudicial, it will, upon proper exceptions being saved, be held reversible error. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; Crane v. Congleton, 116 S. W. 341; C. & O. Ry. Co. v. Dwyers Adm'x, 157 Ky. 590, 163 S. W. 759. But we are not of the opinion that the complained of instruction is prejudicially erroneous.

As to appellant's second contention that the verdict was not sustained by the evidence, we regard the same as without merit, notwithstanding the great disparity in the comparative number of witnesses testifying for plaintiff and those for the defendant, inasmuch as it became the problem of the jury, when confronted with such conflicting evidence, to determine what part of the testimony heard they would believe and what was its proper weight and credibility. There was ample evidence introduced by both parties to sustain the finding of the jury thereon for whomever made. This rule of law is too well settled and established to require the citation of authority in its support.

Appellant's final contention is that the court prejudicially erred in refusing to permit him to file his amended answer, set-off, and counterclaim.

The order of the court as to this offered pleading it appears recites only that it "is lodged" and, further, that the amended answer, set-off, and counterclaim "offered for filing on yesterday coming on for hearing, and the court being advised refuses to order same filed." However, it does not appear that the rejected pleading, although copied into the record, was ever made a part of the record by order of the court or by bill of excep-

tions, but was only entered or "lodged" and thereafter rejected.

In the case of Casebolt v. Hall, 177 Ky. 394, 197 S. W. 839, 840, the court said:

> "It has repeatedly been held by this court that a rejected pleading cannot be considered, although copied into the record, unless it has been made a part of the record by an order of the court, or by a bill of exceptions."

We therefore conclude, after a consideration of the whole record, that appellant's contentions as here presented are without merit, from which it follows that the lower court's judgment should be and is affirmed.

Whole court sitting, except Judge Thomas.