## Howard et al. v. Howard et al.
(Decided June 21, 1935.)

JAMES O. BAKER for appellant.

FORESTER & CARTER for appellee.

Opinion of the Court by Drury, Commissioner—
Reversing.

B. F. Howard and his wife are appealing from an award of $100 made them in a proceeding wherein Andrew Howard succeeded in obtaining a passway over the land of the appellants, and for which land and resulting damages B. F. Howard et al. had claimed $2,000. We shall state, discuss, and dispose of their complaints as we reach them.

## The Demurrer to the Petition.

This proceeding was had under section 3779a-1, Ky. Stats. Andrew Howard had alleged in his petition that he lives on Straight creek in Harlan county, and that this road is necessary to enable him to reach the courthouse and county seat at Harlan. With those allegations in the petition the demurrer was properly overruled.

'At least as early as 1820 (see Morehead and Browns Stats. p. 1253) if not earlier the General Assembly began making provisions for passways to enable men to attend courts, elections, etc., such statutes have been amended from time to time as may be seen from Stanton's Revised Statutes, c. 84, art. 2; Gen. Stats. c. 94, art. 2; Acts 1891-92-93, c. 232, p. 1200, art. 2; Ky. Stats. (1909) sec. 4348, and as oft amended may now be found in Ky. Stats. (1930) as section 3779a-1.

Passways sought purely for private convenience have been denied in Cody v. Rider, 1 S. W. 2, 8 Ky. Law Rep. 52; Shake v. Frazier, 94 Ky. 143, 21 S. W. 583, 14 Ky. Law Rep. 798; Damron v. Damron, 84 S. W. 747, 27 Ky. Law Rep. 272; Robinson v. Swope, 12 Bush (75 Ky.) 21; and Fitzpatrick v. Warden, 157 Ky. 95, 162 S. W. 550, but where the passway is necessary to enable a citizen to perform his duties to the public and where the use is not to be exclusive in the condemnor, but other persons, firms, or corporations shall have the right to use same upon paying proper compensation therefor, the right to condemn has been upheld. See Chesapeake Stone Co. v. Moreland, 126 Ky. 656, 661, 104 S. W. 762, 31 Ky. Law Rep. 1075, 16 L. R. A. (N. S.) 479, and by section 3779a-6 Ky. Stats., the public is given the right under terms there set out to use a passway such as this condemned under section 3779a-1.

Refusal of Amended Answer and Exceptions.

The commissioners appointed in the county court fixed the value of the land taken and the damages that would result at nothing. B. F. Howard filed exceptions and claimed $2,000. A trial in the county court resulted in a judgment for $100 and a similar judgment resulted in the circuit court.

In the circuit court B. F. Howard et al. tendered an amendment to their answer and exceptions, which the court refused to allow them to file. They excepted to the action of the court, but took no steps to have this amended answer made a part of the record by any order of the court or by including it in the bill of exceptions; hence it cannot be considered. See Casebolt v. Hall, 177 Ky. 394, 197 S. W. 839, and other cases cited in 2 Ky. Digest, Appeal and Error, sec. 518 (4).

The Instructions.

B. F. Howard et al. objected to the instructions

given, but after a careful reading of them we find no prejudicial error in them. The court gave but two instructions, and B. F. Howard et al. now contend other and further instructions should have been given, but as they did not tender such they cannot complain of that.

## Motion for Judgment Notwithstanding Verdict.

As stated above, the commissioners allowed B. F. Howard et al. nothing. They filed an answer and exceptions in which they claimed $2,000. No reply was filed, and now they assert their $2,000 claim is uncontroverted. That does not mean it was not in issue. Subsection 4 of section 126 of the Civil Code of Practice puts it in issue. It is a matter that must be proven even though undenied.

## The Rulings on Evidence.

The court erred in not allowing B. F. Howard to testify to the condition in which his land was left by the taking of this strip, and a similar error appears in the testimony of William White and Joe L. Lawson. If by taking a strip through a tract of land the value of the remaining parts is reduced, by reason of the shape in which they are left, additional fencing made necessary, the difficulty of getting from one piece to the other, or any other thing resulting from the taking, that is, to the extent of such reduction in value, as much a taking of them as if they had been appropriated. 20 C. J. p. 730, sec. 189. Louisville & N. R. Co. v. Burnam, 214 Ky. 736, 284 S. W. 391.

The court erred in allowing the plaintiff to introduce evidence of benefits or advantages the witnesses expected would result to this land by the taking of this strip. A man must under section 242, Ky. Const., be paid for his land in money, not in prospective benefits. See the 15 Kentucky cases to that effect listed under note 59, p. 814, of 20 C. J. The necessity of this taking the plaintiff had to prove, and in doing that he was allowed to show the difficulties of constructing an outlet over his own land, but the court erred in excluding the testimony to the contrary of witnesses for the defendant, of which the avowal is made they would testify it could be made for $100.

For these reasons, the judgment is reversed, and defendant is awarded a new trial.