## Rogers v. Hagerman et al.

(Decided June 21, 1935.)

ROBERT HUBBARD for appellant.

W. S. HEIDENBERG and H. I. FOX for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal prosecuted by Fred Rogers from a judgment dismissing on the face of papers, a suit he had filed for malicious prosecution.

About 10 a. m. Sunday November 13, 1932, W. H. Blevins, at Orell in Jefferson county, was robbed by three negroes. On Wednesday November 30, 1932, three negroes shot at and attempted to rob J. T. Welch at Orell, Ky. On December 15, 1932, the grand jury by indictment charged Rogers with robbery of Blevins, the attempted robbery of Welch, and with shooting at Welch. On December 22, 1932, Rogers was acquitted on the charge of attempting to rob Welch. December 23, 1932, the jury trying him for the robbery of Blevins failed to agree, and by a second jury he was acquitted on January 25, 1933, and on February 15, 1933, Rogers was convicted of shooting at Welch, which was later reversed. See Rogers v. Com., 258 Ky. 495, 78 S. W. (2d) 340.

Rogers began this suit on December 19, 1933, and in it he complains of his prosecution for the robbery of Blevins. The defendants named are Charles W. Logan, T. A. Dover, Ambrose Hagerman, Chester Korfhage, E. L. Dodge, E. Gallrein, W. H. Blevins, and J. T. Welch. The first named was the commonwealth's attorney, the second was the jailer, the next four were county policemen, and the last two were men who testified, one that he had been robbed, and the other to an attempted robbery.

Appellant, on January 9, 1934, dismissed as to Dover (the jailer), without prejudice, and the court over his objection dismissed his action as to Logan, from which no appeal has been prosecuted.

On February 24, 1934, the policemen Hagerman, Korfhage, Dodge, and Gallrein filed a joint answer, and Blevins and Welch each filed a separate answer. These answers are so very similar that we shall treat them as if identical.

There are two paragraphs in each of them, the first is a traverse of the petition and in the second there is pleaded affirmatively justification and probable cause, which we have held a defendant may do in a case of this kind, and if he does plead affirmatively, then plaintiff must reply thereto. Bell v. Ursury, 4 Litt. (14 Ky.) 334; Ross v. Neal, 7 T. B. Mon. (23 Ky.) 407; Garrard v. Willet, 4 J. J. Marsh. (27 Ky.) 628; Brown v. Morris, 3 Bush. (66 Ky.) 81; Tandy v. Riley, 80 S. W. 776, 26 Ky. Law Rep. 98; and Sehon, Blake &

Stevenson v. Whitt, 92 S. W. 280, 29 Ky. Law Rep. 691.

Plaintiff's reply was due in 14 days (section 1005, Ky. Stats.). A month passed without reply, and defendants moved to dismiss on the face of the papers. The case dragged along for two and one-half months longer, and on May 19th the court dismissed it. The plaintiff awoke and on June 2nd (which was within time, see Secs. 997 and 998 Ky. Stats.), he moved the court to set aside the order made May 19th, by which his action had been dismissed, and at same time he tendered a reply and moved the court to order it filed. On June 8th the court overruled his motions and granted him an appeal to this court, but the plaintiff took no steps to have his tendered reply made a part of the record by any order of court or a bill of exceptions; hence we cannot consider it. Casebolt v. Hall, 177 Ky. 394, 197 S. W. 839; Melton v. Royster, 250 Ky. 168, 61 S. W. (2d) 1099; Fidelity & Deposit Co. of Md. v. Jones, 256 Ky. 181, 75 S. W. (2d) 1057.

Judgment affirmed.

Whole court sitting.