## Floyd v. Sun-Democrat et al.

(Decided Sept. 27, 1935.)

W. A. BERRY for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Claiming she had been damaged by an alleged libel published in the Sun-Democrat, Mrs. May Floyd sued and sought to recover of it, its editor, and its owner, $25,000; a demurrer was sustained to her petition, and she has appealed.

In a fight that occurred on August 11, 1934, in Paducah, Ky., Edgar Floyd (aged 27) received such serious cuts and injuries that he died shortly thereafter.

In its issue of August 12, 1934, there was printed in the Sun-Democrat a lengthy account of this fight, and of Floyd's injuries and resulting death, in which article it was stated that Ray Rogers, Richard Smith, and Otis Keeling (aged 21) had been put in jail and more arrests were expected. Further on in this article these words appear:

"Keeling, a half brother of Floyd was drenched in the blood of his relative and in the office of the chief of police pleaded to be taken to his brother's bedside. 'I know he is going to die, please, chief, take me to see him.' "

Nowhere in this article is the name of Mrs. Floyd mentioned, but in a very elaborate petition Mrs. Floyd alleges that:

"This was published of and concerning her wrongfully, falsely, * * * carelessly, willfully, * * * and maliciously; and that such publication * * * falsely, * * * carelessly, * * * and maliciously accused her of the crime of adultery, fornication, and of having given birth to a bastard son, the half-brother of her son, Edgar Floyd, * * * and those who read the said newspaper * * * so understood the publication. * * * That upon the ascertainment by her of the publication of the aforesaid false and libelous statement * * * she requested defendants to retract * * * and defendants agreed to make such retraction as requested, and as required by law, but they have failed to correct and retract said statement."

Without passing upon the question whether or not the plaintiff could by innuendo so enlarge and extend this published article as to show it was applicable to her, she did not do so; hence the demurrer to her petition was properly sustained, for so far as her pleading shows it is entirely possible that her husband, Frank Floyd, may be the father of Keeling. Mrs. Floyd declined to amend, and on February 11, 1935, her petition was dismissed.

### The Tendered Amendment.

On February 25th, she moved the court to set aside its judgment and to allow her to file an amended petition, which she tendered, and by which she sought to cure the above defect, which motion was overruled four days later, and she took no steps to have such tendered amendment made a part of the record by any order of court or by a bill of exceptions; hence we cannot consider it. See Rogers v. Hagerman, 260 Ky. 255, 84 S. W. (2d) 42.

Judgment affirmed.