**G. P. RICE et al., Appellants,**

v.

**C. M. SHOEMAKER, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Bruce H. Phillips, Monticello, Duncan & Huddleston, Bowling Green, for appellants.

W. C. Dabney, J. C. Denney, Jr., Monticello, for appellee.

CAMMACK, Judge.

This is an appeal from a judgment fixing a boundary line between the lands of the appellant, G. P. Rice, and those of the appellee, C. M. Shoemaker. The action was brought by Shoemaker to recover damages for timber allegedly cut and removed from his land by Rice and Alfred Foster, the other appellant. The jury returned a verdict in favor of Shoemaker in the sum of $157.50. The court entered judgment thereon, and, in addition, established the boundary line between the lands in question. A supplemental judgment was entered fixing the value of the land in controversy at $2,500.

The appellants seek a reversal of the judgment on the grounds that (1) it is not sustained by the evidence; (2) the proof reveals that a boundary line, significantly different from that established by the court, had been established previously by parol agreement; and (3) an erroneous instruction was given concerning the legal effect of the parol agreement.

The first contention is concerned with the second call contained in the deeds of both parties. This call is, "thence S 53 E 14 poles to a stake in the road." The record reveals that the calls in the deeds, if followed substantially, do not close the boundary at the agreed points of termination. To correct this situation, the appellee's surveyor ran the first four calls as stated in the deed, and then varied the fifth, and last, line in order to reach the agreed point. This method was approved by this Court in Combs v. Combs, 238 Ky. 362, 38 S.W.2d 243. The appellants' surveyor started at the last point and ran the agreed lines as set forth in the deed, but varied the second call by extending the line a distance of 20½ poles, instead of the recited 14 poles. The appellants contend that to do otherwise, the stake would not be locat-

ed in a road, as mentioned in the deeds, and therefore the physical facts fail to support the jury's verdict, which approved the 14 pole line used by the appellee. It is sufficient to say that two witnesses—the appellee and his surveyor—testified that there was evidence of an old, and now abandoned, road at the end of 14 poles, referred to in the second call. Hence, in view of the contradiction between this evidence and that of the appellants, it was proper to submit the question to the jury.

■ The appellants' second contention must fail for the same reason. While their evidence tended to show that Rice had established a boundary by parol agreement with the appellee's predecessor in title, the latter testified that he, at all times, had adhered to the descriptions in his deed, and had not changed them by parol agreement. In view of this evidence, the question was one for the jury and the finding in this respect cannot be set aside.

■ The appellants next contend that the portion of Instruction No. 3, which deals with the purported agreement, is erroneous. The court instructed the jury to find for the defendant if they believed the agreement had been entered into and "if you further believe from the evidence that G. P. Rice has held to this agreed line, if you believe it were an agreed line, peacefully, adversely, openly, notoriously and continuously since the date of the contended agreement." The appellants construe this instruction to require adverse possession in addition to the agreement.

We think the instruction sets out clearly that in order to find thereunder for the defendants, the jury had to conclude that an agreement was reached, *and was thereafter recognized by the parties.* In other words, the agreement would have had no legal effect if it was abandoned by the parties subsequently. We conclude that the instruction was not misleading or prejudicial to the appellants' substantial rights.

The judgment is affirmed.