Grace **NOLAND** et al., Appellants,

v.

Hood **WISE**, Appellee.

Court of Appeals of Kentucky.

March 18, 1960.

502

Redwine & Redwine, Winchester, for appellants.

John W. Walker, Irvine, for appellee.

MILLIKEN, Judge.

This is the third appeal of cases involving the establishment of a boundary line between the same adjoining tracts of land in Estill County. In 1953 Wise sued Noland to quiet title to this property. Judgment of the trial court was for Wise and Noland appealed. This court reversed on the ground plaintiff had not supported the burden of showing he had title. Noland v. Wise, Ky., 259 S.W.2d 46. In 1955 Noland sued Wise for wrongful cutting of timber on the disputed land, and interposed the former judgment to establish his title. This court held that the former judgment could not be construed as fixing the boundary line and that a new trial should determine the issue of title. Noland v. Wise, Ky., 285 S.W.2d 168.

The present controversy was tried before a jury which rendered a verdict denying Noland's suit for trespass and the cutting of timber, and established the boundary line as found by appellee's surveyor.

The appellants contend, in substance, (1) that the verdict is not supported by the evidence; and (2) that improper instructions were given and proper instructions were offered and were not given by the trial court.

■ The appellee paraded fifteen witnesses, including surveyors, before the jury. The witnesses gave extensive testimony which tended to prove that the line established by appellee's surveyor was the correct boundary. Much less affirmative evidence would have enabled the jury to find for the appellee. Broyles v. Parker, 220 Ky. 828, 295 S.W. 1028; Rice v. Shoemaker, Ky., 286 S.W.2d 523.

■ The following instruction was given by the trial court:

"If the jury believe from the evidence that the strip or parcel of land in controversy is embraced within the boundaries described in the deed from C. C. Wallace and Tracy Wallace, executors of the estate of James A. Wallace, then you will find the defendant Hood Wise, to be the owner of said strip or parcel."

This instruction, in substance, follows Stanley's Instructions, Section 66, and was approved in Melton v. Royster, 250 Ky. 168, 61 S.W.2d 1099. Therefore, we find the appellants' contention to be without merit.

■ The court correctly refused to give any instructions having to do with adverse possession. The appellants fail to show that any claim to the land in question had been made by Noland's predecessor in title. As Noland purchased his land in 1947, the statutory period for adverse possession was not established.

Judgment affirmed.